UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>      Plaintiff,<br>  v.<br><br>DAVID W. CHRISTEL,<br><br>      Defendant. | Case No. 3:24-cv-5932-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 24, 2024 |

The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed In Forma Pauperis ("IFP") and proposed complaint to this Magistrate Judge under Amended General Order 12-24. On November 7, 2024, Plaintiff filed a proposed civil complaint and an application to proceed in forma pauperis ("IFP"). *See* Dkts. 1; 1-1.

In determining whether IFP should be granted, the Court has reviewed the proposed complaint and recommends the Court dismiss because Plaintiff has failed to state a claim upon which relief can be granted. The Court should not grant leave to amend. The Court recommends therefore this case should be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) should be denied.

DISCUSSION

The Court has analyzed the proposed complaint. Because Plaintiff filed this complaint pro se, the Court has construed the pleadings liberally and has afforded

1  Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839

2  F.2d 621, 623 (9th Cir.1988).

3      In his proposed complaint, Plaintiff names Judge David W. Christel as the sole

4  defendant. Dkt. 1-1. Plaintiff asserts he has been deprived of federal rights, that Judge

5  Christel violated a statute regarding impersonating a federal judge, and that Judge

6  Christel sent documents not signed in judicial capacity or providing a court seal. Dkt. 1-

7  1, at 3, 5.

8      The district court may permit indigent litigants to proceed IFP upon completion of

9  a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the Court must subject

10 each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

11 and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to

12 state a claim on which relief may be granted," or "seeks monetary relief against a

13 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*

14 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

15 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27

16 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires"

17 the court to sua sponte dismiss an IFP complaint that fails to state a claim).

18      An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact."

19 *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v.*

20 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); s*ee also Franklin v. Murphy*, 745 F.2d

21 1221, 1228 (9th Cir. 1984). Furthermore, a federal court may dismiss a case sua sponte

22 under Fed. R. Civ. P. 12 (b)(6) when the plaintiff has not stated a claim upon which

23 relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th

24

25

REPORT AND RECOMMENDATION

Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss an unfounded complaint sua sponte, even in absence of an express statutory provision).

"Anglo– American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)(internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(internal citations omitted).

Plaintiff appears to allege Judge Christel, in a different case, signed a document that was not signed or mailed in "judicial capacity" or with the court seal. Dkt. 1-1 at 3, 5. On the face of the complaint, allegations of this complaint relate to the judicial process, and therefore absolute judicial immunity would apply. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction).

Moreover, Plaintiff fails to allege any facts that support his conclusion that Judge Christel's signature was not legally binding and resulted in a violation of his rights. *See* Dkt. 1-1. In any event, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. This case has no arguable basis

in law or fact. Therefore, the proposed complaint should be dismissed because it lacks merit and fails to state a claim.

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant has a right to notice of the complaint's deficiencies and an opportunity to amend before dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, the complaint on its face shows that absolute judicial immunity would apply; any attempt by Plaintiff to amend the proposed complaint would therefore be futile. The Court should dismiss the complaint, and not give Plaintiff leave to amend his proposed complaint.

Further, a district court may deny leave to proceed IFP at the start if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust,* 821 F. 2d 1368, 1370 (9th Cir. 1987). Based on the above analysis of the deficiencies in the proposed complaint, the Court recommends denying Plaintiff's Application to Proceed IFP (Dkt. 1).

If Plaintiff appeals an order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

CONCLUSION

For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) should be denied, this case should be dismissed with prejudice as frivolous and for failure to state a claim. Any IFP status on appeal

REPORT AND RECOMMENDATION

should be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 24, 2024, as noted in the caption.

Dated this 9th day of December, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION